SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ALEJANDRO E. MORENO, Cal Bar No. 256802
amoreno@sheppardmullin.com
ANNA JANE I. ZARNDT, Cal Bar No. 327719
azarndt@sheppardmullin.com
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED GOTTLIEB, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, BLOCKCOMMERCE LLC DBA HYPERCASH SYSTEMS, DOES 1 TO 10, INCLUSIVE,<br><br>Defendants. | Case No. 25-cv-01539-SRM-MAR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: July 31, 2025<br>Time: 1:30 p.m.<br>Courtroom 5D<br>The Hon. Serena R. Murillo |

SMRH:4899-2907-9888

Case No. 25-cv-01539-SRM-MAR
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................... 1

II. STATEMENT OF ALLEGED FACTS ............................................................. 3

    A. Plaintiff Allegedly Wired $500,000 From His Wells Fargo Accounts to BlockCommerce, Which Has Refused to Return His Money. ................................................................................................... 3

    B. Plaintiff's Account Agreement With Wells Fargo Insulates the Bank From Liability for Facilitating the Payments Plaintiff Authorized In Favor of BlockCommerce. ............................................... 4

    C. Plaintiff Executed a Wire Transfer Agreement to Make the Disputed Transfers, Which Insulates the Bank From Liability and Advised Plaintiff of the Risk of Crypto Currency Scams. ............... 5

III. LEGAL STANDARDS ..................................................................................... 5

    A. To Survive Dismissal, Plaintiff Must Plead Facts That Plausibly Suggest Wells Fargo Is Liable for the Misconduct Alleged. ................. 6

    B. Rule 9(b) of the Federal Rules of Civil Procedure Applies to Claims Sounding in Fraud. ................................................................... 7

IV. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST WELLS FARGO ............................................................................... 7

    A. The Court Should Dismiss Plaintiff's Claims for Assisting Financial Elder Abuse and Negligence Because They Sound In Fraud and Are Not Pled With the Requisite Particularity. ..................... 7

    B. Plaintiff Fails to State a Claim for Financial Elder Abuse Against Wells Fargo Because He Has Not Pled Facts to Plausibly Suggest the Bank Had "Actual Knowledge" of BlockCommerce's Alleged Scam. ................................................... 9

    C. Plaintiff's Negligence Claim Is Barred by the Economic Loss Rule. ................................................................................................... 12

V. CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .................................................................................... 6, 7

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ......................................................................................... 6

*Bortz v. JPMorgan Chase Bank, N.A.*
    2021 WL 4819575 (S.D. Cal. Oct. 15, 2021) .............................................. 7, 11

*Casey v. U.S. Bank Nat'l Ass'n*
    127 Cal. App. 4th 1138 (2005) ........................................................................ 10

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ...................................................................... 5, 6

*Coto Settlement v. Eisenberg*
    593 F.3d 1031 (9th Cir. 2010) .......................................................................... 6

*Das v. Bank of America, N.A.*
    186 Cal. App. 4th 727 (2010) .......................................................................... 10

*Gibson v. Credit Suisse AG*
    787 F.Supp.2d 1123 (D. Idaho 2011) ................................................................ 8

*In re GlenFed, Inc. Sec. Litig.*
    42 F.3d 1541 (9th Cir. 1994) ............................................................................. 7

*Hough v. Carroll*
    2025 U.S. Dist. LEXIS 86581 (C.D. Cal. May 5, 2025) .................................. 11

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009) ........................................................................... 7

*Levy v. FCI Lender Servs.*
    2020 U.S. Dist. LEXIS 60191 (S.D. Cal. Apr. 6, 2020 ) ................................... 8

*Millare v. Bank of America, N.A.*
    2022 WL 1434109 (C.D. Cal. Apr. 1, 2022) .................................................... 11

*In re Mortgage Fund '08 LLC*
    527 B.R. 351 (N.D. Cal. 2015) ................................................................ 10

*Neubronner v. Milken*
    6 F.3d 666 (9th Cir. 1993) ........................................................................ 7

*Paskenta Band of Nomlaki Indians v. Umpqua Bank*
    846 F. App'x 589 (9th Cir. 2021) ........................................................... 10

*S&S Worldwide, Inc. v. Wells Fargo Bank*
    509 F. Supp. 3d 1154 (N.D. Cal. 2020) .................................................. 11

*Sheen v. Wells Fargo Bank, N.A.*
    12 Cal.5th 905 (2022) ............................................................................ 12

*Terpin v. AT&T Mobility LLC*
    118 F.4th 1102 (9th Cir. 2024) ........................................................ 12, 13

Statutes

15 U.S.C. § 78u-4 ............................................................................................ 7

Cal. Com. Code §§ 11211, Comment 4 ........................................................... 8

Cal. Welf. & Inst. Code § 15610.30 ....................................................... 1, 4, 9

Cal. Welf. & Inst. Code § 15610.30(a) ........................................................... 9

Other Authorities

Federal Rule of Civil Procledure Rule 8 ......................................................... 6

Federal Rules of Civil Procedure Rule 9(b) ........................................ 2, 7, 8, 9

Federal Rules of Civil Procedure Rule 12 ...................................................... 1

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................... 1, 5

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") submits this memorandum in support of its motion to dismiss the two causes of action asserted against the Bank in Plaintiff Ted Gottlieb's Complaint.

## I. INTRODUCTION

Along with this motion to dismiss for failure to state a claim, Wells Fargo has concurrently filed a motion to compel arbitration. From Wells Fargo's perspective, this matter is fully arbitrable and, as such, the arguments raised in this motion should be addressed in arbitration. Nevertheless, because a motion to compel arbitration is not among the responses permitted to a pleading set forth in Rule 12 of the Federal Rules of Civil Procedure, Wells Fargo submits this motion to dismiss as its response to Plaintiff's Complaint.

Plaintiff seeks to recover $500,000 he allegedly transferred from his Wells Fargo accounts into accounts for Co-Defendant BlockCommerce, LLC ("BlockCommerce")—a company that allegedly facilitates investments into digital assets. Plaintiff contends that he was looking to invest in "safe digital assets such as cryptocurrencies and bitcoins" but has now lost his money because BlockCommerce transferred his money to a Hong Kong entity identified as "Goldmany," which invested his money in Ponzi schemes and other extremely risky ventures. According to Plaintiff, Wells Fargo should bear responsibility for Plaintiff's decision to transfer money to BlockCommerce because an unidentified "employee" of the Bank assured him that he was "unaware" of any complaints against BlockCommerce and further represented that it was "safe" to wire money to BlockCommerce. In connection with these allegations, Plaintiff asserts claims against Wells Fargo for assisting financial elder abuse (Cal. Welf. & Inst. Code §15610.30) and negligence. Both claims fail as a matter of law.

As an initial matter, Plaintiff's claims are insufficiently pled because the Bank's alleged wrongful conduct is tied solely to the purported representations of its

unnamed employee. Putting aside the facial implausibility of Plaintiff's allegations, they cannot support his causes of action for assisting financial elder abuse or for negligence because the allegations sound in fraud and have not been pled with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiff's cause of action for assisting financial elder abuse also fails because Plaintiff was required to plead facts that would support a reasonable inference Wells Fargo had *actual knowledge* of the scam when its employees processed the disputed wire transfers. He has not done so. Instead, Plaintiff apparently contends Wells Fargo *should have known* the wire transfers were fraudulently induced because it was aware of alleged (and unidentified) complaints against BlockCommerce on the internet. This is not enough. Plaintiff has not pled any facts to show Wells Fargo *actually knew* of BlockCommerce's alleged scamming of Plaintiff or knowingly assisted the scheme. Accordingly, Plaintiff cannot proceed with his claim for assisting financial elder abuse.

Plaintiff's claim for negligence fails for the additional reason that it is barred by the economic loss rule. Plaintiff's accounts with Wells Fargo are governed by the Deposit Account Agreement ("Account Agreement") and, to authorize each of his wire transfers, Plaintiff agreed to an Agreement for Outgoing Wire Transfer Requests ("Wire Transfer Agreement"). Each of these agreements expressly insulate the Bank from liability for losses associated with Plaintiff's decision to wire money to BlockCommerce. Where, as here, the parties' relationship is grounded in contract, the economic loss rule prevents Plaintiff from recovering in tort for purely economic losses. Simply put, Plaintiff cannot manufacture a negligence claim that runs contrary to the parties' respective duties under the applicable agreements.

Plaintiff's predicament is a tragedy and his losses justifiably elicit sympathy. Nevertheless, the law does not support Plaintiff's claims, which essentially ask Wells Fargo to indemnify him for the losses he suffered as a result of having fallen a

SMRH:4899-2907-9888

-2-    Case No. 25-cv-01539-SRM-MAR
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

victim to a third-party crypto currency scam. Accordingly, the Court should grant Wells Fargo's motion to dismiss in its entirety.

## II. STATEMENT OF ALLEGED FACTS

Plaintiff is a Wells Fargo accountholder. (Compl. ¶ 7.) He opened his first account with the Bank in July 2024. (RJN Exhs. B, C.) BlockCommerce is a limited liability company registered in Texas. (*Id.*, ¶ 3.) BlockCommerce purportedly uses social media to deceive customers into wiring BlockCommerce money for investment into digital assets, including cryptocurrencies. (*Ibid.*)

### A. Plaintiff Allegedly Wired $500,000 From His Wells Fargo Accounts to BlockCommerce, Which Has Refused to Return His Money.

On an unknown date, Plaintiff allegedly met a "lady" who introduced him to BlockCommerce, which he believed could help him make investments in "safe" digital assets such as cryptocurrencies. (*Id.*, ¶ 7.) At the request of BlockCommerce, Plaintiff made multiple wire transfers to BlockCommerce from his Wells Fargo accounts in the alleged total amount of $500,000. (*Ibid.*) Plaintiff contends that BlockCommerce then transferred his money to Goldmany, an unregulated digital assets company based in Hong Kong focused on investing in crypto currencies. (*Id.,* ¶ 5.) Plaintiff has since investigated BlockCommerce and Goldmany and found that they are false and unregulated investment companies that have scammed many investors. (*Id.*, ¶ 8.)

Plaintiff contends that prior to making the first of many wire transfers to BlockCommerce, he went to an unidentified Wells Fargo branch and asked an unnamed employee about the legitimacy of BlockCommerce as an investment trading company. (*Id.,* ¶ 10.) This employee allegedly: (i) stated Wells Fargo was not aware of any negative reviews or of anyone losing their investment in BlockCommerce; (ii) confirmed BlockCommerce's bank account number; and (iii) indicated it was "safe" to wire moneys to BlockCommerce. (*Ibid.*) According to Plaintiff, Wells Fargo's employee "knew or should have known" that his or her

statements were false because many reviews have been posted online about the business and Wells Fargo allegedly knew BlockCommerce had scammed other investors. (*Id.*, ¶ 13.) Wells Fargo purportedly "aided and abetted" BlockCommerce's theft of Plaintiff's money and committed financial elder abuse when it processed Plaintiff's own requests to wire money to BlockCommerce. (*Id.*, ¶ 11.)

In connection with these allegations, Plaintiff alleges causes of action against Wells Fargo for (i) aiding and abetting financial elder abuse (Cal. Welf. & Inst. Code § 15610.30) and (ii) negligence. (*Id.*, ¶¶ 9-20.) The remaining causes of action in the Complaint are asserted only against BlockCommerce.

B. **Plaintiff's Account Agreement With Wells Fargo Insulates the Bank From Liability for Facilitating the Payments Plaintiff Authorized In Favor of BlockCommerce.**

Plaintiff's relationship with Wells Fargo is governed by the terms of the Deposit Account Agreement (the "Account Agreement"), which Plaintiff received and agreed to upon opening his first account at the Bank. (RJN Exhs. A, B-C at 2.) The Account Agreement contains several provisions that are relevant to the instant dispute.

It provides, "[t]**his Agreement is applicable to new and existing accounts and replaces all prior agreements regarding your account,** including any verbal or written statements or representations." (*Id.,* Exh. A at 2 (emphasis original).) It also sets forth the parties' respective obligations with respect to fund transfers. (*Id.,* Exh. A at 18-22.) Wells Fargo is only required to exercise "ordinary care" when processing payment instructions, which "requires only that [Wells Fargo] follow standards that don't vary unreasonably from the general standards followed by similarly situated banks." (*Id.*, Exh. A at 39.) Moreover, Wells Fargo expressly disclaims liability for losses arising from following the instructions of its customers. (*Ibid.*) Under the Account Agreement, however, Wells Fargo will be liable if a

SMRH:4899-2907-9888

-4-   Case No. 25-cv-01539-SRM-MAR
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

customer requests a fund transfer and the Bank fails to complete the transfer in a timely manner. (RJN Exh. A at 22.)

C. **Plaintiff Executed a Wire Transfer Agreement to Make the Disputed Transfers, Which Insulates the Bank From Liability and Advised Plaintiff of the Risk of Crypto Currency Scams.**

Although Plaintiff alleges he transferred $500,000 to BlockCommerce, the Wire Transfer Agreements he signed to execute the transfers show that, from September 5, 2024 through October 22, 2024, he made five separate wire transfers to BlockCommerce in the total amount of $450,040. (*See* RJN Exhs. D-H.) The Wire Transfer Agreements contain several provision that are relevant to this dispute:

- <u>Limitation of Liability</u>: "IN NO EVENT WILL WELLS FARGO BE LIABLE FOR DAMAGES ARISING DIRECTLY OR INDIRECTLY IF THE ORDER IS EXECUTED BY WELLS FARGO IN GOOD FAITH AND IN ACCORDANCE WITH THE TERMS OF THIS AGREEMENT." (*Ibid.*)

- <u>Finality of Orders</u>: "The order will be final and will not be subject to stop payment or recall, except that Wells Fargo may, at the originator's request, make an effort to effect such stop payment or recall. In such case, Wells Fargo will incur no liability for its failure or inability to do so." (*Ibid.*)

The Wire Transfer Agreement contains a disclosure titled "Help Protect Your Money and Avoid Wire Transfer Scams", which discloses that "[b]ecause wire transfers are like sending cash, if you are scammed, it's unlikely you'll get your money back." (*Ibid.*) It also asks whether Plaintiff is wiring money for crypto currency investment and advised Plaintiff to "[s]low down and verify the details. It is likely a scam if you were promised a significant return." (*Ibid.*) In addition, Plaintiff was advised to do his own research and get a second opinion from a professional before wiring money for crypto currency investments. (*Ibid.*)

III. **LEGAL STANDARDS**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A district

court's dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id*. at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  District courts may take judicial notice and consider documents incorporated by reference in the complaint when ruling on a motion to dismiss.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

A.   **To Survive Dismissal, Plaintiff Must Plead Facts That Plausibly Suggest Wells Fargo Is Liable for the Misconduct Alleged.**

In *Twombly*, the U.S. Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal quotation omitted).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is ***plausible*** on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570 (emphasis added)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Rule 9(b) of the Federal Rules of Civil Procedure Applies to Claims Sounding in Fraud.

Rule 9(b) requires a plaintiff to plead fraud with particularity, including "the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud is only sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations and internal quotation marks omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). A plaintiff must also explain why the alleged conduct or statements are fraudulent. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) (*en banc*), *superseded on other grounds by* 15 U.S.C. § 78u-4.

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST WELLS FARGO

### A. The Court Should Dismiss Plaintiff's Claims for Assisting Financial Elder Abuse and Negligence Because They Sound In Fraud and Are Not Pled With the Requisite Particularity.

In the Ninth Circuit, claims that "sound in fraud" are subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *See Kearns*, 567 F.3d at 1125 (9th Cir. 2009). Even when fraud is not a necessary element of a plaintiff's cause of action, a claim sounds in fraud if the complaint alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim." (*Ibid.*) Accordingly, regardless of whether a plaintiff labels his claims as "financial elder abuse" or "negligence", if the claims sounds in fraud, it *must* be pled with particularity. *See Bortz v. JPMorgan Chase Bank, N.A.*, 2021 WL 4819575, at *3 (S.D. Cal. Oct. 15, 2021) (allegations of aiding and abetting

-7-   Case No. 25-cv-01539-SRM-MAR

SMRH:4899-2907-9888   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

fraudulent elder abuse must be pled with particularity under Rule 9(b)); *Gibson v. Credit Suisse AG*, 787 F.Supp.2d 1123, 1135-37 (D. Idaho 2011) (granting motion to dismiss negligence claim that sounded in fraud for failure to satisfy Rule 9(b) particularity requirement); *Levy v. FCI Lender Servs.*, 2020 U.S. Dist. LEXIS 60191, *30-33 (S.D. Cal. Apr. 6, 2020 ) (same).

Plaintiff's claims against Wells Fargo for assisting financial elder abuse and negligence are premised *solely* on an unnamed Wells Fargo employee's alleged misrepresentations concerning the "safety" of wiring funds to BlockCommerce and the Bank's alleged lack of awareness of complaints against BlockCommerce. (*See* Comp. ¶¶ 10, 16, 18.) No other facts showing supposed "negligent" conduct or financial elder abuse are alleged against the Bank in the Complaint. Plaintiff does not, for example, contend that Wells Fargo erroneously entered the payment information Plaintiff provided such that his wire transfers went to an unintended beneficiary. To the contrary, Plaintiff admits that he authorized each of the wire transfers to BlockCommerce—his only complaint is that the Bank allegedly misrepresented the safety of making those wire transfers. (*See id.*, ¶¶ 7, 10.)

Plaintiff's claims against Wells Fargo necessarily fail because he has not alleged any particulars to support his fraud-based claims. He has not alleged the identity of the Wells Fargo employee who allegedly made the representations. Nor has he alleged the date or location where the representations were made. Plaintiff does not (and cannot) allege any facts that demonstrate why it was false for the employee to represent that he or she was "unaware" of any negative reviews of BlockCommerce or unaware of any investors who lost money doing business with BlockCommerce. (*See id.,* ¶ 10.)

And, Plaintiff's contention that the employee represented that it was "safe" to wire money to BlockCommerce is implausible because a wire transfer is an instant form of payment for which there is very little recourse once the money has been transferred to the beneficiary's account. *See* Cal. Com. Code §§ 11211, cmt. 4

(noting that after a beneficiary bank accepts a payment order, it is not cancellable unless all parties agree), 11404 (indicating that a beneficiary of a wire-transfer is entitled to immediate access to wired funds and the beneficiary's bank is liable if it refuses the beneficiary access to the funds); RJN Exhs. D-H (a wire transfer is like sending cash and it is unlikely the money can be recovered if the transferor is a victim of fraud).)  In fact, Plaintiff could not have reasonably relied on the unnamed employee's alleged representations, because the Wire Transfer Agreements specifically advised him that (i) wire transfers are generally not reversible, (ii) the Bank disclaimed all liability in connection with Plaintiff's wire transfer activities, and (iii) wire transfer transactions, particularly for crypto currency investments, are risky and Plaintiff should consult a professional before making such wire transfers. (*See* RJN Exhs. D-H.)

In sum, Plaintiff's claims against Wells Fargo for financial elder abuse and negligence fail as a matter of law because they sound in fraud and have not been pled with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

B. **Plaintiff Fails to State a Claim for Financial Elder Abuse Against Wells Fargo Because He Has Not Pled Facts to Plausibly Suggest the Bank Had "Actual Knowledge" of BlockCommerce's Alleged Scam.**

Plaintiff's first cause of action is for financial elder abuse under Section 15610.30 of the California Welfare and Institutions Code. (Compl. ¶¶ 9-15.)  As relevant here, the "financial abuse" of an elder occurs when a person or entity:

> **(1)** Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both[; or]
>
> **(2)** Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

Cal. Welf. & Inst. Code § 15610.30(a), subs. (1) and (2).  Here, Plaintiff does not allege Wells Fargo took any property from him.  Rather, the claim is premised on

the Bank's alleged representations to Plaintiff prior to his decision to transfer funds to BockCommerce. (Compl. ¶¶ 10-15.) Accordingly, Plaintiff's claim against the Bank is for allegedly assisting BlockCommerce's financial elder abuse of Plaintiff.

To state a claim for "assisting" financial elder abuse, a plaintiff must plead the defendant "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act" under an aiding and abetting standard. *Das v. Bank of America, N.A.,* 186 Cal. App. 4th 727, 744-45 (2010) (quoting *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005)). Where a "bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' the financial abuse only if it **knew** of the third party's wrongful conduct." *Id.* at 745 (emphasis added); *Paskenta Band of Nomlaki Indians v. Umpqua Bank,* 846 F. App'x 589 at 590 (9th Cir. 2021) ("[A]ctual knowledge is required to establish an aiding and abetting claim.").

The "actual knowledge" standard is a high bar to relief. Plaintiff must allege facts to plausibly suggest the Bank had knowledge of the **specific breaches** of the primary wrongdoer for which she seeks to hold the bank liable. *See Casey*, 127 Cal. App. 4th at 1152; *In re Mortgage Fund '08 LLC*, 527 B.R. 351, 365 (N.D. Cal. 2015) (affirming dismissal of bankruptcy court appeal and concluding "plaintiff asserting an aiding and abetting claim must plausibly allege that the defendant had actual knowledge *of the specific primary violation by the wrongdoer*.") (emphasis original). Here, Plaintiff has failed to allege sufficient facts to allow the Court to reasonably infer Wells Fargo **actually knew** Plaintiff authorized any of the disputed wire transactions as part of an elder abuse scam.

As an initial matter, Plaintiff has not alleged (and cannot allege) Wells Fargo had any specific knowledge of BlockCommerce's alleged scam. To the contrary, the only mention of Wells Fargo's alleged "knowledge" of the elder abuse scam focuses on the Bank's supposed awareness of negative reviews posted about

-10-    Case No. 25-cv-01539-SRM-MAR

SMRH:4899-2907-9888    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

BlockCommerce online.  (Compl. ¶ 13.)  No facts are alleged regarding how or why Wells Fargo would have monitored BlockCommerce's online reviews.  Nor is it plausible to suggest that anonymous online reviews from potentially disgruntled customer of BlockCommerce or competitors would give Wells Fargo actual knowledge that BlockCommerce would scam Plaintiff.  *See* S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F. Supp. 3d 1154, 1165 (N.D. Cal. 2020) (alleging "something fishy was going on with the account" is not sufficient to plead "actual knowledge" of a third party scheme to convert plaintiff's funds).  Although Plaintiff generally alleges that Wells Fargo was aware BlockCommerce "scammed" other investors, he has not alleged particularized facts to support this conclusory statement.  (*See ibid*.)  *See Hough v. Carroll*, 2025 U.S. Dist. LEXIS 86581, at *26 (C.D. Cal. May 5, 2025) (plaintiff must plead factual allegations that plausibly suggest that the aider and abetter knew of the specific fraud perpetrated by the primary tortfeasor).

Plaintiff generally alleges that he made multiple wire transfers to BlockCommerce.  (Compl. ¶¶ 7, 11; RJN Exhs. D-H.)  However, Plaintiff has failed to plead any particularized facts to support a reasonable inference that any of the employees who assisted with his disputed wire transfers somehow knew they were acting in furtherance of BlockCommerce's alleged scheme.  No facts are alleged to show the employees were "in on the scam" and, thus, intended to substantially assist BlockCommerce.  Rather than assisting the alleged crooks, these unnamed employees assisted Plaintiff by completing transactions he asked for and authorized.

At best, Plaintiff has attempted to plead that Wells Fargo had **constructive knowledge** he was a victim of elder abuse based on the alleged publicly available internet postings regarding BlockCommerce.  This is not enough.  *See Millare v. Bank of America, N.A.,* 2022 WL 1434109, *8 (C.D. Cal. Apr. 1, 2022) ("constructive knowledge does not equate with actual knowledge"); *Bortz v. JPMorgan Chase Bank*, N.A., 2022 WL 1489832, at *5-6 (S.D. Cal. May 10, 2022)

(dismissing claim for financial elder abuse premised on allegations of unusual banking patterns, agency guidance, and the violation of internal policies because the allegations showed only constructive knowledge and not actual knowledge). Accordingly, because Plaintiff has failed to plead facts showing Wells Fargo knowingly assisted BlockCommerce's financial elder abuse, the Court should dismiss this cause of action.

C. **Plaintiff's Negligence Claim Is Barred by the Economic Loss Rule.**

As discussed above, Plaintiff's claim for negligence is premised entirely on the alleged fraudulent representations of an unnamed Wells Fargo employee. (Compl. ¶ 10.) Nevertheless, even if the Court looks past Plaintiff's failure to plead this fraud-based claim with particularity (and it should not), the economic loss rule bars Plaintiff's negligence claim.

The Ninth Circuit recently affirmed the applicability of the "economic loss rule" to claims of negligence for pure economic losses. *See Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1113-16 (9th Cir. 2024) (citing *Sheen v. Wells Fargo Bank, N.A.* 12 Cal.5th 905, 922 (2022)). Under the economic loss rule, "there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen,* 12 Cal.5th at 922.

In *Sheen*, the plaintiff sued the bank for negligence asserting the bank "owed [him] a duty of care" relating to his request for a loan modification. *Id.* at 914-15. The California Supreme Court affirmed the trial court's order, holding the bank owed the plaintiff no duty of care. *Id.* at 916, 919. The Court's analysis of the policy factors behind the economic loss rule are fatal to Plaintiff's effort here to manufacture a negligence claim: "To impose a tort duty in such circumstances would go further than creating obligations unnegotiated or agreed to by the parties; it would dictate terms that are contrary to the parties' allocation of rights and responsibilities" in the governing contracts. *See id.* at 925 (emphasis omitted).

Here, Plaintiff contends Wells Fargo acted negligently because it processed Plaintiff's wire transactions after telling him it was unaware of negative information concerning BlockCommerce and assuring him that wire transactions are safe. Under the Account Agreement, however, Wells Fargo expressly disclaims any liability for losses arising from its compliance with Plaintiff's instructions. (RJN Exh. A at 43); *cf. Terpin*, 118 F.4th at 1115 (affirming dismissal of a negligence claim where the parties' contract contained a limitation of liability the covered the alleged losses). In fact, each of the Wire Transfer Agreements Plaintiff signed to authorize the disputed wire transactions expressly disclaim the Bank's lability for losses. (RJN Exhs. D-H.) Contrary to the vaguely alleged oral representation by Wells Fargo's unnamed employee, the Wire Transfer Agreements also advised Plaintiff that: (i) wire transfers are final and not reversible; (ii) moneys lost to a wire transfer scam are generally not recoverable; and (iii) crypto currency investments are high-risk and Plaintiff should consult a professional before wiring money to a crypto currency company. (*Ibid.*)

In sum, because the specific conduct underlying Plaintiff's negligence claim is covered by the parties' agreements and because he seeks to recover for purely economic losses, Plaintiff's negligence claim is barred under the economic loss rule.

## V.   CONCLUSION

Wells Fargo has filed a motion to compel arbitration. To the extent the Court does not grant Wells Fargo's motion to compel arbitration, the Court should dismiss Plaintiff's claims against the Bank for the reasons set forth above.

Dated: June 27, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Alejandro E. Moreno*
ALEJANDRO E. MORENO

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Wells Fargo Bank, N.A., a corporation, certifies that this brief contains 4,202 words which complies with the word limit of L.R. 11-6-1.

Dated: June 27, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Alejandro E. Moreno*
ALEJANDRO E. MORENO

Attorneys for Defendant
WELLS FARGO BANK, N.A.