SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ALEJANDRO E. MORENO, Cal Bar No. 256802
amoreno@sheppardmullin.com
ANNA JANE I. ZARNDT, Cal Bar No. 327719
azarndt@sheppardmullin.com
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED GOTTLIEB, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, BLOCKCOMMERCE LLC DBA HYPERCASH SYSTEMS, DOES 1 TO 10, INCLUSIVE,<br><br>Defendants. | Case No. 25-cv-01539<br><br>**WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DEFENDANTS**<br><br>Date:    January 28, 2026<br>Time:    1:30 p.m.<br>Courtroom 5D<br>The Hon. Serena R. Murillo |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    FACTUAL BACKGROUND ...................................................................... 2

III.   PROCEDURAL HISTORY ........................................................................ 3

IV.    THE COURT SHOULD DENY PLAINTIFF'S MOTION ........................... 3

      A.     Plaintiff Improperly Seeks Entry of Default Judgment Against BlockCommerce Where BlockCommerce's Liability Is a Necessary Predicate to Wells Fargo's Liability ........................................ 3

      B.     Plaintiff Has Failed to Meet His Burden to Sever or Bifurcate the Claims Against Defendants ........................................................ 5

V.     CONCLUSION ......................................................................................... 7

SMRH:4927-8650-7909.1

Case No. 25-cv-01539

WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DEFENDANTS

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

<u>Cases</u>

4

*Bates v. United Parcel Service*
    204 F.R.D. 440 (N.D. Cal. 2001) .......................................................................... 7

5

6

*Coleman v. Quaker Oats Co.*
    232 F.3d 1271 (9th Cir. 2000) ............................................................................... 6

7

8

*Coughlin v. Rogers*
    130 F.3d 1348 (9th Cir. 1997) ............................................................................... 5

9

10

*Frow v. De La Vega*
    82 U.S. 552, 21 L. Ed. 60 (1872) .......................................................................... 3

11

12

*League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*
    558 F.2d 914 (9th Cir. 1977) ................................................................................. 5

13

14

*Neilson v. Chang (In re First T.D. Inv. Inc.)*
    253 F.3d 520 (2001) .................................................................................... 1, 3, 4

15

16

*Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*
    523 F.2d 1073 (9th Cir. 1975) ............................................................................... 5

17

18

*Tacos El Chavito, LLC v. Pascual*
    2025 U.S. Dist. LEXIS 230050 (C.D. Cal. Oct. 15, 2025) ...................................... 4

19

*United Fabrics Int'l Inc. v. Life N Style Fashions, Inc.*
    2015 U.S. Dist. LEXIS 158140 (C.D. Cal. Nov. 23, 2015) ..................................... 4

20

21

*Visendi v. Bank of Am., N.A.*
    733 F.3d 863 (9th Cir. 2013) ................................................................................. 5

22

23

<u>Other Authorities</u>

24

Fed. R. Civ. P. Rule 42(b) .......................................................................................... 7

25

Fed. R. Civ. P. Rule 20 ............................................................................................... 5

26

Fed. R. Civ. P. Rule 21 ............................................................................................... 5

27

28

L.R. 7-3 ............................................................................................................ 1

L.R. 11-6-1 ...................................................................................................... 8

SMRH:4927-8650-7909.1

WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER
DEFENDANTS

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") submits the following opposition to Plaintiff Ted Gottlieb's Motion to Sever Plaintiff's Claims Against Co-Defendant BlockCommerce, LLC ("BlockCommerce") From His Claims Against Wells Fargo (ECF No. 25).[1]

## I.    **<u>INTRODUCTION</u>**

Plaintiff has obtained entry of default against BlockCommerce and seeks to sever and/or bifurcate his claims against Wells Fargo to allow him to proceed to default judgment against BlockCommerce. Wells Fargo opposes Plaintiff's requests, but only to the extent that the Court denies the Bank's pending motion to compel arbitration. If the Court grants the Bank's motion to compel arbitration, then the claims will necessarily be severed and Plaintiff's request will become moot.

The Court should deny the motion because applicable Ninth Circuit authority holds that entering a default judgment against one defendant in an action involving multiple defendants is "incongruous and unfair" if the defendants are similarly situated. *See Neilson v. Chang (In re First T.D. Inv. Inc.)*, 253 F.3d 520, 532 (2001). This is so because it may allow the plaintiff to prevail against the defaulted defendant on a legal theory rejected with respect to the non-defaulted defendant. *Id.*

Here, Plaintiff alleges causes of action against Wells Fargo for assisting BlockCommerce's alleged financial elder abuse of Plaintiff and for negligence. (*See* Compl. ¶¶ 9-20.) These claims arise ***entirely*** from BlockCommerce's own alleged malfeasance and underlying elder abuse in allegedly inducing Plaintiff to invest in Ponzi schemes and other risky ventures. Accordingly, to the extent Plaintiff is unable to establish BlockCommerce's wrongdoing, it cannot recover against Wells Fargo. To avoid the risk of inconsistent resolution of related issues, Plaintiff must

---

[1] Plaintiff failed to comply with Local Rule 7-3 in that Plaintiff's counsel met and conferred with counsel for Wells Fargo on the same day Plaintiff filed the motion rather than waiting at least seven days after the conference before filing the motion. ECF No. 25 at 8. In addition, Plaintiff's declaration fails to set forth the parties' respective positions with respect to the motion. *See id.*

Case No. 25-cv-01539
WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER
DEFENDANTS

1  await final resolution of his claims against Wells Fargo before he can proceed to

2  obtain a default judgment against BlockCommerce.

3      In sum, severance or bifurcation of Plaintiff's claims is not appropriate here

4  because Plaintiff's claims against the Bank are dependent on the resolution of his

5  claims against BlockCommerce.  Directly applicable Ninth Circuit authority weighs

6  against granting Plaintiff's motion.

7  **II.    FACTUAL BACKGROUND**

8      Plaintiff is a Wells Fargo accountholder.  Compl. ¶ 7.  BlockCommerce is a

9  limited liability company registered in Texas.  *Id.*, ¶ 3.  BlockCommerce

10  purportedly uses social media to deceive customers into wiring BlockCommerce

11  money for investment into digital assets, including cryptocurrencies.  *Id.*  At some

12  point, Plaintiff met a "lady" who introduced him to BlockCommerce, which he

13  believed could help him make investments in "safe" digital assets such as

14  cryptocurrencies.  *Id.*, ¶ 7.  At the request of BlockCommerce, Plaintiff made

15  multiple wire transfers to BlockCommerce from his Wells Fargo accounts in the

16  alleged total amount of $500,000.  *Id.*  Plaintiff contends BlockCommerce then

17  transferred his money to Goldmany, an unregulated digital assets company based in

18  Hong Kong.  *Id.,* ¶ 5.  Plaintiff has since investigated BlockCommerce and

19  Goldmany and found that they are false and unregulated investment companies that

20  have defrauded many investors.  *Id.*, ¶ 8.

21      Plaintiff visited an unidentified Wells Fargo branch and allegedly asked an

22  unnamed employee about BlockCommerce prior to making the first of many wire

23  transfers.  *Id.,* ¶ 10.  This employee allegedly: (i) stated Wells Fargo was not aware

24  of any negative reviews or of anyone losing their investment in BlockCommerce;

25  (ii) confirmed BlockCommerce's bank account number; and (iii) indicated it was

26  "safe" to wire moneys to BlockCommerce.  *Id.*  Plaintiff now claims that Wells

27  Fargo's employee "knew or should have known" that his or her statements were

28  false because many reviews have been posted online about the business and that the

-2-

SMRH:4927-8650-7909.1

WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER
DEFENDANTS

employee allegedly knew BlockCommerce had swindled other investors.  *Id.*, ¶ 13.
According to the Complaint, Wells Fargo purportedly "aided and abetted"
BlockCommerce's theft of Plaintiff's money and committed financial elder abuse
when it processed Plaintiff's requests to wire money to BlockCommerce.  *Id.,* ¶ 11.

Plaintiff alleges causes of action against Wells Fargo for (i) aiding and
abetting financial elder abuse and (ii) negligence.  *Id.,* ¶¶ 9-20, 47-55.  Against
BlockCommerce, Plaintiff alleges seven causes of action arising from the same
allegations, including causes of action for financial elder abuse and negligence.  *Id.*,
¶¶ 21-46.

### III.    PROCEDURAL HISTORY

Plaintiff filed his Complaint on May 7, 2025 in the Riverside County Superior
Court.  *See* ECF No. 2.  On June 20, 2025, Wells Fargo timely removed the action to
this Court.  ECF No. 1.  On June 27, 2025, Wells Fargo filed a motion to compel
arbitration [ECF No. 9], a request for judicial notice with relevant exhibits [ECF No.
11], and a motion to dismiss [ECF Nos. 10-12].  Those motions are fully briefed and
under submission [ECF No. 19].

On October 3, 2025, Plaintiff requested that the Court enter default against
BlockCommerce.  ECF No. 20.  *See* ECF Nos. 21-23.  On November 18, 2025, the
Court entered default against BlockCommerce.  ECF No. 24.

### IV.    THE COURT SHOULD DENY PLAINTIFF'S MOTION

**A.    Plaintiff Improperly Seeks Entry of Default Judgment Against
BlockCommerce Where BlockCommerce's Liability Is a Necessary
Predicate to Wells Fargo's Liability.**

"The leading case on the subject of default judgments in actions involving
multiple defendants is *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872)."  *In
re First T.D. & Inv., Inc.*, 253 F.3d at 532. Under *Frow*, "where a complaint alleges
that defendants are jointly liable and one of them defaults, judgment should not be
entered against the defaulting defendant until the matter has been adjudicated with
regard to all defendants."  *Id*.  It would be "incongruous and unfair" to allow a party

1   to prevail against defaulting defendants on a theory rejected by the court as to

2   answering defendants. *Id.* "*Frow* was clearly mandated by the Court's desire to

3   avoid inconsistent adjudications as to liability. ... Therefore, it would be an abuse of

4   discretion by the district court to enter default judgments that may create

5   inconsistent judgments among multiple defendants." *United Fabrics Int'l Inc. v.*

6   *Life N Style Fashions, Inc.,* 2015 U.S. Dist. LEXIS 158140 at *4 (C.D. Cal. Nov.

7   23, 2015).

8         Here, the claims against Wells Fargo are "factually and legally intertwined"

9   with the claims against BlockCommerce. *See Tacos El Chavito, LLC v. Pascual,*

10  2025 U.S. Dist. LEXIS 230050, at *7 (C.D. Cal. Oct. 15, 2025). Wells Fargo's

11  liability (if any) requires a finding that BlockCommerce acted unlawfully by taking

12  Plaintiff's money for crypto currency investments.

13        A bank's role is ministerial: it holds funds and executes authorized

14  transactions at the direction of its customer. As explained in Wells Fargo's pending

15  motion to dismiss, the Bank may ***only*** be held liable for aiding and abetting

16  Plaintiff's financial elder abuse ***if*** Plaintiff pleads sufficient facts to support a

17  plausible inference that Wells Fargo was "actually aware" of BlockCommerce's

18  financial elder abuse. *See* ECF No. 10-1 at 13-16. In other words, if Plaintiff is

19  unable to meet his burden to show BlockCommerce committed financial elder

20  abuse, then Wells Fargo cannot be held liable for assisting BlockCommerce's

21  alleged financial elder abuse.

22        Plaintiff's claim for negligence also rests on the premise that Wells Fargo

23  "negligently" facilitated Plaintiff's payment orders in favor of BlockCommerce.

24  Again, if Plaintiff cannot show that BlockCommerce acted wrongfully after

25  receiving Plaintiff's money, then Wells Fargo cannot be held liable for facilitating

26  Plaintiff's underlying payment orders.

27

28

In sum, because Plaintiff's motion to sever and/or bifurcate is guided entirely by his desire to obtain the premature entry of default judgment against BlockCommerce, the Court must deny the motion.

### B.  Plaintiff Has Failed to Meet His Burden to Sever or Bifurcate the Claims Against Defendants.

Federal Rules of Civil Procedure 20 and 21 govern permissive joinder and severance of parties. Rule 21 does not provide standards for determining if parties or claims are improperly joined, so courts look to Rule 20 for guidance. *See Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079–80 (9th Cir. 1975). Under Rule 20 , courts construe permissive joinder liberally to promote judicial efficiency and prevent multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). For permissive joinder of parties to be proper, two requirements must be met: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) some "question of law or fact common to all the Plaintiffs" will arise in the action. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). "By its terms, [the transaction or occurrence] provision requires factual similarity in the allegations supporting Plaintiffs' claims." *Id.*

In cases of misjoinder, severance under Rule 21 is appropriate. Fed. R. Civ. P. 21 . The Court should deny a request to sever claims where a plaintiff alleges a common series of transactions and occurrences that raises common question of law and fact applicable to all defendants. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance."). Plaintiff has failed to satisfy the standard necessary to seek severance of bifurcation of his claims.

As a preliminary matter, Plaintiff concedes that the touchstone inquiry when evaluating a motion to server is whether "there is no question of law or fact common to all parties." ECF No. 25 at 4. Here, there are a myriad of facts and law that are common to all parties. Whether BlockCommerce committed financial elder abuse is a common question of law that must be resolved before Plaintiff can proceed with his claim against Wells Fargo for assisting financial elder abuse. Common questions of fact include whether: (i) BlockCommerce deceived Plaintiff about the nature of his investments; (ii) BlockCommerce obtained Plaintiff's authorization before transferring his funds to Goldmany; or (iii) Plaintiff knowingly assumed the risk of loss associated with his crypto currency and related investments.

Plaintiff further argues that a court may sever claims where there is prejudice to either party. *See* ECF No. 10-1 at 4; *see Coleman,* 232 F.3d at 1296-97 (affirming district court's decision to sever claims by ten separate age discrimination plaintiffs where defendant demonstrated prejudice arising out of trying the claims together). Here, Plaintiff contends he will suffer prejudice if the claims are not severed because he is a septuagenarian and plaintiff cannot obtain a default judgment against BlockCommerce without severance. *Id.* at 4-5. Plaintiff's inability to obtain a default judgment against BlockCommerce on claims that are plainly interrelated with his claims against Wells Fargo does ***not*** constitute prejudice. Even after severance, the rule in *Frow* and its Ninth Circuit progeny prohibit the entry of default judgment against BlockCommerce while Plaintiff's claims against Wells Fargo remain pending.

Wells Fargo is sympathetic to Plaintiff's claim that he is a septuagenarian and that he would like to expedite the resolution of his claims. The proper way to do so would be for Plaintiff to consent to arbitrate his claims as required under the terms of his Account Agreement with Wells Fargo. If Plaintiff were to do so, he would have the option of proceeding towards default judgment against BlockCommerce in

1  this forum while resolving his claims against Wells Fargo in arbitration, which

2  typically foments the expeditious resolution of disputes.[2]

3  **V.    CONCLUSION**

4        Based on the forgoing, Wells Fargo respectfully requests that this Court deny

5  Plaintiff's Motion in its entirety.

6

7

8  Dated:  January 5, 2026

9                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11                  By     _____/s/ Alejandro E. Moreno_____

12                              ALEJANDRO E. MORENO

13                              Attorneys for Defendant
14                              WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21 _____

[2] In his motion, Plaintiff also includes an unsupported request to bifurcate the proceedings against BlockCommerce and Wells Fargo.  ECF No. 25 at 5.  Bifurcation is not warranted here.  Under Federal Rule of Civil Procedure 42(b) , a court may order a separate trial of one or more separate issues, claims, cross-claims, or third-party claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b) .  Courts should consider several factors in determining whether to bifurcate, including avoidance of prejudice, severability of the issues, convenience, judicial economy, and reducing the risk of confusion.  *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (citations omitted).  Here, of course, Plaintiff does not seek a "separate trial" against BlockCommernce.  Instead, Plaintiff seeks the impermissible entry of default judgment against BlockCommerce.  In addition, as explained above, bifurcation of Plaintiff's claims against BlockCommerce would not support judicial economy because Wells Fargo cannot be found liable without an underlying finding that BlockCommerce acted wrongfully.

-7-                                          Case No. 25-cv-01539

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2     The undersigned, counsel of record for Defendant Wells Fargo Bank, N.A., a

3  corporation, certifies that this brief contains 2,124 words which complies with the

4  word limit of L.R. 11-6-1.

5

6  Dated: January 5, 2026

7                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                    By      _____
                                    /s/ Alejandro E. Moreno
10                                   ALEJANDRO E. MORENO

11                                Attorneys for Defendant
12                                WELLS FARGO BANK, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28